GILLIGAN v. CONSOLIDATED GAS CO. OF NEW YORK.

(Supreme Court, Appellate Term. June 26, 1905.)

HUSBAND AND WIFE—PROPERTY OF WIFE—WEARING APPAREL—INJURIES—RIGHTS OF HUSBAND.

In an action by a husband for injuries to personal property by the explosion of one of defendant's gas meters in his apartment, he could not recover damages for injuries to the wearing apparel of his wife; she being the proper party to sue therefor.

[Ed. Note.—For cases in point, see vol. 26, Cent. Dig. Husband and Wife, § 776.]

MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Michael Gilligan against the Consolidated Gas Company of New York. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Modified.

Argued before SCOTT, P. J., and MacLEAN and DUGRO, JJ.

Shearman & Sterling, for appellant.
Stern, Singer & Barr, for respondent

SCOTT, P. J. The allowance of the value of the wife's property
was unauthorized. The error can, however, be corrected by reduc-
ing the judgment by $38, and affirming it as reduced, without costs.
As to the other property, I am inclined to think that the proof of
value was sufficient, and the best that plaintiff could be expected to
offer under the circumstances. The plaintiff is not to be denied all
relief because, owing to the destruction of his property, he cannot
give exact expert evidence of value.

Judgment should be modified by the deduction of $38, and, as
modified, should be affirmed, without costs.

DUGRO, J., concurs.

MacLEAN, J. (dissenting). In this action to recover damages
for destruction of certain furniture and wearing apparel, alleged to
have been caused by the negligence of the defendant, through the
explosion of one of its meters in the apartment of the plaintiff,
there was evidence of a leak in the meter, of notice by the wife to
the plaintiff to a collector of the defendant, though disputed, and
that the meter exploded, upon which the trial justice might find, as
he did, negligence on the part of the defendant, calling for no inter-
ference here, but the amount of damages awarded was not proper;
including, as it evidently did, $38 for hats, coat, waist, and skirts,
presumably paraphernalia belonging to the wife, and for which
she herself might recover under the domestic relations law (Whiton
v. Snyder, 88 N. Y. 299, 305–307), although anomalously her hus-
band would be bound to supply or to replace them as necessaries.
The remainder was for damage to the wearing apparel of the plain-
tiff and to household furniture. The evidence of value thereof,
however, was clearly insufficient, for first cost and improper quali-
fication of the plaintiff as an expert afforded insufficient basis for
more than conjectural valuation. The judgment must therefore be
reversed, and a new trial ordered.

Judgment reversed and new trial ordered, with costs to appellant
to abide the event.